COMMONWEALTH *vs.* CHARLES BAILEY & another.

The legislature have power to prescribe regulations for the taking of clams from their beds, with a penalty for their violation; and the town of Ipswich is not exempted from the operation of such regulations.

An indictment may be maintained, under Gen. Sts. *c.* 83, § 13, against two fishermen for jointly taking from their beds for bait more than seven bushels of clams at one time, if such fishermen belonged to the same vessel.

INDICTMENT on the Gen. Sts. *c.* 83, § 13, alleging that the defendants on the 9th of April 1866, at Ipswich, unlawfully and injuriously took and carried away from their beds in Ipswich eight bushels of clams, without having a permit in writing from the selectmen of Ipswich to take the same, and both the defendants not being inhabitants of Ipswich, and not having lawful authority to take said clams from their beds as aforesaid.

• The defendants were tried and found guilty in the superior court, before *Brigham,* J., and alleged exceptions, in which the case was stated as follows : " It appeared at the trial that the defendants were inhabitants of Newburyport and were fishermen, and that they took clams for bait from a beach in Ipswich, between high and low water mark, in a greater quantity at one time than seven bushels. Upon this state of facts the court instructed the jury, against the request of the defendants, that the evidence was sufficient to warrant a verdict of guilty, and that the statute in question was constitutional."

*D. A. Gleason & C. A. Phillips,* for the defendants.

*Reed,* A. G., for the Commonwealth.

GRAY, J. The main position taken by the defendants is inconsistent with the law of Massachusetts on the subject of fisheries, as established from the earliest times.

The Body of Liberties of 1641 declared that " every inhabitant that is an householder shall have free fishing and fowling in any great ponds and bays, coves and rivers, so far as the sea ebbs and flows, within the precincts of the town where they dwell, unless the freemen of the same town or the general court have otherwise appropriated them." Body of Liberties, art. 16.

28 Mass. Hist. Coll. 219. And this article was incorporated in the subsequent revisions of the laws of the Colony. Mass. Col Laws, (ed. 1660,) 50 ; (ed. 1672,) 90, 91. Anc. Chart. 148. But this did not, as the defendants contend, confer on the inhabitants of the several towns as existing in 1641 a right of property in the fisheries within their respective limits. It simply declared the public right of fishing, in the absence of any law, regulation or grant to restrain it. The qualification " unless the freemen of the same town or the general court have otherwise appropriated them " is not a mere specific exception of privileges previously granted ; but a general law, prescribing by what authority this public right may be regulated or granted away. This construction was judicially recognized and affirmed by this court soon after the beginning of the series of published reports of its decisions. *Coolidge* v. *Williams*, 4 Mass. 144. *Randolph* v. *Braintree*, Ib. 317. *Dill* v. *Wareham*, 7 Met. 446.

It is now well settled that the public right of fishing throughout Massachusetts, as in other parts of the United States and in Great Britain, includes shell-fish as well as floating or swimming fish. *Weston* v. *Sampson*, 8 Cush. 347. *Lakeman* v. *Burnham*, 7 Gray, 437. 2 Dane Ab. 690, 700. *Martin* v. *Waddell*, 16 Pet. 410, 413, 414. *Den* v. *Jersey Co.* 15 How. 432. *Peck* v. *Lockwood*, 5 Day, 22. *Preble* v. *Brown*, 47 Maine, 286. *Bagott* v. *Orr*, 2 B. & P. 472. *Hall* v. *Whillis*, 14 Scotch Court of Sessions Cases, (2d series) 324. In *Brown* v. *Lakeman*, 15 Pick. 151, and *Lakeman* v. *Butler*, 17 Pick. 436, this public right, in the absence of any particular grant, was not denied or considered.

In 1772 an action was indeed maintained in the superior court of judicature of the Province by the proprietors of common and undivided lands in Ipswich against persons who had taken clams from their flats without authority from them. *Ipswich Proprietors* v. *Herrick*, 9 Gray, 529. But the flats from which those clams were taken were found by the terms of the special verdict, upon which the judgment was given, to have been for more than twenty years " possessed and improved by said proprietors ; " and the proprietors had passed a vote prohibiting the

digging of any clams there, except for use in the town, without permission from their committee. 9 Gray, 532 and note. That case arose before the release by those proprietors of all their property and rights to the town of Ipswich, which was made in 1788. Felt's History of Ipswich, 17. In that town, as in many others, large tracts of land had been granted to proprietors, who were authorized by the laws of the Province to manage, improve, divide or dispose of the same by vote ; and in such cases, the flats, as being of the least value, generally remained the longest undivided. Prov. Sts. 4 W. & M. *c.* 13, § 3; 12 Anne, *c.* 2; 13 Geo. I. *cc.* 2, 8; 8 Geo. II. *c.* 4; 26 Geo. II. *c.* 2; Mass. Prov. Laws, (ed. 1759) 19, 177, 235, 239, 279, 363; Anc. Chart. 247, 403, 450, 456, 501, 598. 2 Dane Ab. 695, 698. 4 Dane Ab. 70. *Rehoboth* v. *Hunt*, 1 Pick. 228. *Green* v. *Putnam*, 8 Cush. 25. And such proprietors might, under the colonial ordinance, as well as by the general principles of law, have acquired an exclusive right by grant or prescription to the shell fishery on their flats. *Lakeman* v. *Burnham*, 7 Gray, 440. 2 Dane Ab. 697, 705. 3 Kent Com. (6th ed.) 413, 418. *Scratton* v. *Brown*, 4 B. & C. 485 ; *S. C.* 6 D. & R. 536.

The second section of the *St.* of 1793, *c.* 10, cited for the defendants, setting off a part of the town of Ipswich as a new town by the name of Hamilton, only provides that the inhabitants of Hamilton should " have free liberty of taking sand and of improving the clam banks for their own use and consumption as heretofore," without particularly defining the right. 1 Mass. Special Laws, 460. It does not appear that this fishery had as yet been regulated by vote or by-law of the town, or by any general or special act of the legislature.

In 1796 a general law was passed for the regulation and preservation of the " common property " in oysters and other shellfish, by the first section of which, taking of oysters in any part of the Commonwealth was prohibited, except under a permit from the selectmen of the town, or by inhabitants of the town for the use of their families ; by the second section, any person taking any other shell-fish than oysters in certain towns enumerated, (of which Ipswich was not one,) except for the use of his

family, without a permit from the selectmen, was subject to a penalty of one dollar; and by the fifth section it was " provided that nothing in this act shall extend to deprive any native Indians of the privilege of digging shell-fish for their own consumption, or to prevent any fisherman from taking any quantity of shell-fish which he may want for bait, so that it do not exceed seven bushels, including their shells, at any one time." *St.* 1795, *c.* 71. By this act, so far as it extended and applied, the subject was regulated, and no right of property or control remained in the towns in their corporate capacity. *Dill* v. *Wareham*, 7 Met. 438. *Moulton* v. *Libbey*, 37 Maine, 494.

The provisions of the *St.* of 1795 were afterwards extended to other towns, and were reënacted in the Rev. Sts. *c.* 55. Sections 13 and 15 of that chapter, which reënact §§ 2 and 5 of the *St.* of 1795, were extended by *St.* 1838, *c.* 113, to Ipswich, and by other statutes to additional towns. By *St.* 1841, *c.* 64, " if any person not an inhabitant of the town of Ipswich shall dig or take any clams from the flats owned by said town, without permission first obtained, in writing, from the selectmen of said town," he should forfeit one dollar for every bushel of clams, including their shells; and by *St.* 1844, *c.* 128, a like prohibition was made as to the neighboring towns of Rowley and Georgetown. By the General Statutes, the two acts last mentioned were repealed; but the Rev. Sts. *c.* 55, §§ 13, 15, as extended by subsequent acts to Ipswich and other towns, were reënacted. Gen. Sts. *c.* 83, §§ 13, 15.

It is plain, therefore, that neither the inhabitants of Ipswich, nor of any town which once formed part of it, had by law, or were understood by the legislature to have, any grant of property or right, free from legislative control and regulation, in the clam fishery within its limits; and that there is no ground for the argument of the defendants that such regulation of the right to take clams is unconstitutional as impairing the obligation of contracts, or taking private property for public uses without compensation.

The two defendants having been found guilty of taking and carrying away eight bushels of clams, the remaining question is,

whether, under the exception contained in the Gen. Sts. *c.* 83, § 15, which declares that nothing contained in the four preceding sections shall be construed " to prevent any fisherman from taking any quantity of shell-fish which he may want for bait, not exceeding at any one time seven bushels, including their shells," the defendants ,had the right to take at one time and for bait seven bushels of clams each, or only seven bushels for both. To determine this, we refer to other sections of the same statute, and of earlier statutes upon the subject matter, which, although repealed, are admissible to aid the interpretation. *Rex* v *Loxdale,* 1 Burr. 447. *Church* v. *Crocker,* 3 Mass. 21. *Holbrook* v. *Bliss,* 9 Allen, 75. *Savings Bank* v. *Collector,* 3 Wallace, 495.

By the Gen. Sts. *c.* 83, § 19, no person shall take from Chatham or certain other towns " any shell-fish for bait or other use, except clams " &c., " and no quantity exceeding seven bushels of clams, including the shells," " shall be taken in one week for each vessel or craft." This provision had its origin in the *St.* of 1799, *c.* 19, § 2, (reënacted in the Rev. Sts. *c.* 55, § 16,) which imposed a prohibition in like words upon any " fisherman or any other person " in Chatham. By the *St.* of 1798, *c.* 14, § 2, passed the year before, it had been enacted that " no fisherman shall take from " Wellfleet or any town mentioned in the *St.* of 1795, *c.* 71, above cited, " any such fish exceeding the quantity of seven bushels in a week, including the shells." It cannot be supposed that the legislature intended by two statutes, passed within a year of one another, to allow the fishermen in one vessel or craft to take seven bushels for each man in Wellfleet, and only seven bushels for the whole crew in the neighboring town of Chatham ; but the reasonable construction is that the restriction was in each case, as it was expressly in the *St.* of 1799, of the amount to be taken not by each person, but by each vessel or craft ; and this construction must be preserved in interpreting the later statutes upon the same subject.

If therefore the defendants came from different vessels, they did not violate the law ; if from the same vessel, they did. As their taking of clams appears by the bill of exceptions to have been treated in the indictment and at the trial as one joint act,

and there is nothing to show that they came from different vessels, or that they claimed separate rights to take seven bushels, the exceptions cannot be sustained.    *Exceptions overruled.*